IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GEORGIE ANUFRIEV,                                          Case. No. 6:26-cv-00725-MC

        Plaintiff,                                          OPINION & ORDER

        v.

FIRST TECHNOLOGY FEDERAL
CREDIT UNION, PRO FOUND
RECOVERY SOLUTIONS,
OREGON ADJUSTERS INC.,

        Defendants.

_____

MCSHANE, Judge:

Plaintiff Georgie Anufriev, proceeding *pro se*, alleges a violation of constitutional rights by Defendants First Technology Federal Credit Union, Pro Found Recovery Solutions, and Oregon Adjusters Inc. Compl., ECF No. 1. Plaintiff also filed a Motion for Temporary Restraining Order with supporting exhibit on April 15, 2026. TRO Mot., ECF No. 4.

The Complaint (ECF No. 1) is dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) is DENIED.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff's Complaint concerns the repossession of a 2019 Chevrolet Silverado. Compl. ¶ 5. Plaintiff alleges Defendant Oregon Adjusters took possession of the vehicle on April 8, 2026 according to a "repossession order" from Defendant First Technology Federal Credit Union ("First

1 – Opinion & Order

Tech"). *Id.* ¶¶ 5–6. He explains First Tech hired Defendant Pro Found Recovery Solutions who in turn hired Oregon Adjusters to obtain the vehicle. *Id.* ¶¶ 7–9. Plaintiff alleges Oregon Adjusters refused to return the vehicle. *Id.* ¶¶ 10–11. Plaintiff states the repossession order was "signed . . . without judicial oversight." *Id.* ¶ 6. First Tech intends to sell the vehicle in a private sale sometime after April 23, 2026. ECF No. 4-1.

## LEGAL STANDARD

### I.    Pleading Standard

Notwithstanding payment of any filing fee, a Court shall dismiss a complaint from a self-represented plaintiff if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

### II.    Temporary Restraining Order

A plaintiff seeking a preliminary injunction or temporary restraining order must establish:

2 – Opinion & Order

(1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When there are "serious questions going to the merits," a court may still issue preliminary injunctive relief when "the balance of hardships tips sharply in the plaintiff's favor," and the other two factors are met. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (internal quotations omitted). The Court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## **DISCUSSION**

Plaintiff alleges Defendants denied him "the right to a trial by jury" under the Seventh Amendment (*see* TRO Mot.; Compl. ¶ 6.), and "depriv[ed] [him] of private property without due process," which the Court construes to refer to the Fifth and Fourteenth Amendments (*see* Compl. ¶ 1). The Court therefore construes these constitutional claims as arising under 42 U.S.C. § 1983 ("Section 1983"), or under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021); *Iqbal*, 556 U.S. at 675–76 (describing *Bivens* as "federal analog to suits brought against state officials" under Section 1983).

Plaintiff has not identified a viable defendant for his constitutional claims. Private actors are generally not liable under Section 1983 or *Bivens*. A non-governmental entity only acts "under color of state law" for purposes of a Section 1983 claim when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of

3 – Opinion & Order

the State itself." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812–13 (9th Cir. 2010) (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (*en banc*)). Plaintiff explicitly names Defendants as "private agencies." Compl. ¶ 4. In addition, First Tech is not a public entity merely by virtue of being a *federal* credit union. *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994) ("[T]he slight degree of government involvement in the business of federal credit unions does not warrant applying Constitutional requirements to these democratically controlled, non profit cooperatives." (internal citation and quotation omitted)).

Accordingly, Plaintiff's constitutional claims against Defendants fail and must be dismissed with prejudice because amendment of these claims against improper defendants is futile. *See, e.g.*, *Fleck v. Del-One Fed. Credit Union*, 2026 WL 867599, at *16 (D. Or. Mar. 30, 2026). Plaintiff also therefore fails to make the requisite showing of likelihood of success on the merits to support a temporary restraining order. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (recognizing likelihood of success on the merits is generally a threshold issue for preliminary injunctive relief).

## CONCLUSION

As explained, Plaintiff's Complaint fails to state a claim and amendment is futile. Plaintiff's Motion for Temporary Restraining Order is DENIED (ECF No. 4) and the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED the 16th day of April 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

4 – Opinion & Order